IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN CHRISTOPHER BRUNING, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 3:25-cv-00446-E |
| | § | |
| | § | |
| GEICO ADVANTAGE INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, RYAN CHRISTOPHER BRUNING, Plaintiff herein, and files this his, Motion to Remand under 28 U.S.C. §1447(c), and in support thereof would respectfully show the Court the following:

**I.**

**INTRODUCTION & BACKGROUND**

1. Plaintiff is Ryan Christopher Bruning; Defendant is Geico Advantage Insurance Company.

2. This is an Under-Insured Motorist case against Plaintiff's insurer, Defendant.

3. Plaintiff filed suit against the negligent tortfeasors on December 11, 2023, commencing the suit.[1]

---

[1] *See* Plaintiff's Original Petition, ECF No. 1-5.

**PLAINTIFF'S MOTION TO REMAND - PAGE 1**

4.     On May 10, 2024, Plaintiff filed his First Amended Petition, adding Defendant, under a declaratory judgment action for his Underinsured Motorist Coverage, to the suit in County Court at Law No. 5 in Dallas County, Texas.[2]

5.     On June 5, 2024, Defendant was subsequently served notice of this suit when it was properly served with process of Plaintiff's First Amended Petition.[3]

6.     On June 27, 2024, Defendant filed its Original Answer.[4]

7.     Before he could enter into a settlement agreement with the negligent tortfeasors and properly advise Defendant that the underlying policy had been exhausted, a pre-requisite for his under-insured motorist coverage claim, Plaintiff needed proof that the underlying policies had been exhausted and that the $1,000.00 settlement offer was the only money remaining on the policy.

8.     The negligent tortfeasors' counsel would not provide the other releases to without a Court order.

9.     On July 26, 2024, Plaintiff filed his Motion to Compel the disclosure of the other settlement agreements entered with the negligent tortfeasors.[5]

10.    On September 30, 2024, the Court granted Plaintiff's Motion and the underlying settlement agreements were produced to him on October 10, 2024.[6]

---

[2] *See* Plaintiff's First Amended Petition, ECF No. 1-21.
[3] *See* Citation Return, ECF No. 1-24.
[4] *See* Defendant's Original Answer, ECF No. 1-25.
[5] *See* Plaintiff's Motion to Compel Disclosure of Settlement Agreements, ECF No. 1-26.
[6] *See* Order Granting Plaintiff's Motion to Compel Disclosure of Settlement Agreements, ECF No. 1-29.

11. Once he received the underlying settlement agreements confirming the limits remaining on the negligent tortfeasors' policy, on October 10, 2024, Plaintiff requested permission from Defendant to settle with the tortfeasors for their remaining policy limits.

12. On October 11, 2024, Defendant granted Plaintiff permission to settle with the tortfeasors for their remaining policy limits.[7]

13. On November 22, 2024, Plaintiff sent a demand to Defendant. In that demand, Plaintiff once again advised Defendant that it had settled with the negligent parties.[8]

14. Defendant responded to that demand on December 5, 2024. Defendant's representative, who wrote the demand-response letter, which forms the basis of Plaintiff's extra-contractual claims against it, was Chris Williams.[9]

15. On January 8, 2025, Defendant took Plaintiff's deposition in the state-court case. In that deposition, Defendant acknowledged that it knew of the settlement with the tortfeasors.

```
24    Q.  Okay.  And besides the thousand dollars from
25  the white car's carrier, which is what I understand you
 1  have been offered or received, have you received any
 2  other settlements for this accident besides that and
 3  your property damage?
```

---

[7] Exhibit A.
[8] Exhibit B (redacted pursuant to FED. R. EVID. 408).
[9] Exhibit C (redacted pursuant to FED. R. EVID. 408).

PLAINTIFF'S MOTION TO REMAND - PAGE 3

16. On January 23, 2025, Plaintiff filed his Second Amended Petition to include extra-contractual claims.[10] With regard to the negligent tortfeasors, he formally removed them from the suit.

17. On February 21, 2025, Defendant filed its Notice of Removal.[11]

18. Plaintiff timely files this Motion for Remand, within 30 days of Defendant filing its Notice of Removal.

## II.

## ARGUMENT & AUTHORITIES

19. A court must strictly construe the remove statutes in favor of remand and against removal.[12]

20. A court may remand a case on the basis of any procedural defect identified in a Motion for Remand filed within 30 days after the filing of the notice of removal under 28 U.S.C. §1446(a).

21. The Court should remand this case to state court because Defendant filed the Notice of Removal more than one year after the commencement of the suit and more than 30 days after it received notice of the settlement with the negligent tortfeasors.

---

[10] *See* Plaintiff's Second Amended Petition, ECF No. 1-37.
[11] *See* Defendant's Notice of Removal, ECF No. 1.
[12] *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

### *i.   Defendant filed the Notice of Removal more than One Year after the Commencement of the Suit.*

22.   Pursuant to the requisite code section, "a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[13]

23.   Defendant filed the notice of removal more than one year after the commencement of the suit.[14] If a plaintiff creates diversity jurisdiction sometime after the initial complaint, the defendant has one year after the <u>commencement of the suit</u> to remove.[15]

24.   Plaintiff filed suit on December 11, 2023, commencing this suit, over a year ago.[16]

25.   Defendant filed its Notice of Removal on February 21, 2025, one year, two months, and 10 days after the commencement of this suit.[17]

26.   Because Defendant did not timely file its Notice of Removal and Plaintiff timely filed his Motion to Remand, Plaintiff asks this Court to remand the case.

---

[13] 28 U.S.C. §1446(c)(1).
[14] *Id.*
[15] *See id.*
[16] *See* Plaintiff's Original Petition, ECF No. 1-5.
[17] *See* ECF No. 1.

**PLAINTIFF'S MOTION TO REMAND - PAGE 5**

### ii. *Defendant filed the Notice of Removal more than 30 days after it received notice of the settlement with the tortfeasors from which it could ascertain that the case would be removable.*

27. Additionally, the Code provides, "except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable."[18] Defendant filed the notice of removal more than 30 days after it received notice of the settlement with the negligent tortfeasors—first on October 10, 2024 and then again on November 22, 2024.[19] Even during Plaintiff's deposition on January 8, 2025, Defendant knew of the settlement with the negligent tortfeasors. Further, counsel for the negligent tortfeasors did not appear at Plaintiff's deposition.

28. On January 23, 2025, Plaintiff amended his Petition to add extra-contractual claims against Defendant based on their denial of the demand and in doing so, formally removed the negligent tortfeasors from the suit.

29. Prior to the filing of the Amended Petition, Defendant had been on notice of the settlement with the negligent tortfeasors for four months and 11 days.

---

[18] 28 U.S.C. §1446(b)(3) (emphasis added).
[19] *Id.; see* Exhibits A and C.

30. Defendant did not file its notice of removal until February 21, 2025, more than 30 days after it received the notice of the settlement with the negligent tortfeasors.

31. Because Defendant did not timely file its Notice of Removal, Plaintiff asks this Court to remand the case.

## III.

## CONCLUSION

32. Because Defendant did not timely remove this case to Federal Court within a year of the commencement of the suit in state court or within 30 days-notice of the settlement with the negligent tortfeasors, Plaintiff asks that this case be remanded to the state court where it was originally filed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff RYAN CHRISTOPHER BRUNING respectfully requests that the Court grant his Motion to Remand, and remand this case back to the state court where it was originally filed, and for such and other further relief as they may show himself entitled and for all that he shall ever pray.

Respectfully submitted,

**MILLER COPELAND, LLP**

By:  */s/J. Robert Miller, Jr.*
      **J. ROBERT MILLER, JR.**
      Attorney-in-Charge
      State Bar No. 14092500
      rmiller@millercopeland.com
      **EMILY G. COPELAND**
      State Bar No. 24107716
      ecopeland@millercopeland.com

400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record in this cause on this 25th day of February, 2025, in accordance with the Federal Rules of Civil Procedure.

*/s/Emily G. Copeland*
**EMILY G. COPELAND**

*VIA E-SERVICE*
Christopher T. Colby
Johnson Stephens Law, PLLC
4809 Cole Avenue
Suite 205
Dallas, Texas 75205
--COUNSEL FOR DEFENDANT

## CERTIFICATE OF WORD COUNT

I hereby certify that the word count contained in this document, which includes the footnotes, is: 1,264.

*/s/Emily G. Copeland*
**EMILY G. COPELAND**