# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RYAN CHRISTOPHER BRUNING, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | Civil Action No. 3:25-CV-00446-E |
| GEICO ADVANTAGE INSURANCE COMPANY, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Ryan Christopher Bruning's ("Bruning") Motion to Remand. (ECF No. 4). For the reasons discussed below, the Court **GRANTS** the Motion to Remand and **REMANDS** the case back to County Court at Law No. 5, Dallas County, Texas, Cause No. CC-23-08189-E, for further proceedings.

### I.    BACKGROUND

This case arises out of an automobile accident that occurred on October 8, 2023, between Bruning and Miguel Orduna-Sanchez ("Orduna-Sanchez") who was operating a vehicle owned by Georgina Sanchez Peralta ("Sanchez Peralta"), all residents of Texas. (ECF No. 1-5). Bruning claims that, as a result of this accident, he sustained a "head injury and serious contusions and abrasions on his body." (ECF No. 1-5 at 3-5). On December 11, 2023, Bruning brought his original suit in County Court at Law No. 5, Dallas County, Texas, under Cause No. CC-23-08189-E against *only* Orduna-Sanchez and Sanchez Peralta asserting claims of (i) negligence, (ii) negligent entrustment, and (iii) gross negligence. (*See generally* ECF No. 1-5).

On May 10, 2024, Bruning filed his First Amended Petition—adding Defendant GEICO Advantage Insurance Company ("GEICO") for the first time—seeking a declaratory judgment against GEICO pursuant to Chapter 37 of Texas Civil Practice & Remedies Code. (ECF No. 1-21). Bruning asserts that at the time of the accident his insurance policy included a "uninsured/underinsured motorist" policy. (ECF No. 1-21 at 7). On June 5, 2024, GEICO was served in the state court suit. (ECF Nos. 1-24 at 2; 4 at 2).

On July 26, 2024, Bruning filed his Motion to Compel Disclosure of Settlement Agreements between Orduna-Sanchez and Sanchez Peralta and the other individuals involved in the October 8, 2023, automobile accident so that "[Bruning] could enter into a settlement agreement with negligent tortfeasors and properly advise [GEICO] that the underlying policy had been exhausted, a pre-requisite for his under-insured motorist coverage claim." (ECF Nos. 1-26; 4 at 2). The underlying settlement agreements were produced to Bruning on October 10, 2024. (ECF No. 4 at 2). On October 11, 2024, GEICO extended permission to Bruning to settle with Orduna-Sanchez and Sanchez Peralta via email, stating,

> At this time[,] we would like to extend permission to settle with the underlying carrier for the amount of their Liability Bodily Injury policy limits or less.
>
> We agree to waive our rights to subrogation against them and their insured for the medical claim of Ryan Christopher Bruning.
>
> Please contact me regarding your client's Bodily Injury claim with GEICO, a copy of the policy limit settlement offer and/or release and a copy of the liability carrier's declarations page as well as billing and records for your client.

(ECF No. 4-1 at 1). On November 22, 2024, Bruning sent a demand letter to GEICO regarding the underinsured motorist claim stating, in relevant part, "Defendants Sanchez' tendered

the remaining limits on their policy limits of $1,000.00." (ECF No.4-2 at 1). In response, GEICO sent an email that Bruning provided, heavily redacted, to the Court. (ECF No. 4-3 at 1).

On January 23, 2025, Bruning filed his Second Amended Petition which (i) formally dismissed Defendants Orduna-Sanchez and Sanchez Peralta from the suit, and (ii) asserted new claims against GEICO. (*see generally* ECF No. 1-37). Bruning's live claims against GEICO are: (i) bad faith, (ii) breach of contract, and (iii) request for declaratory judgment under Chapter 37 of the Texas Civil Practice & Remedies Code. (ECF No. 1-37 at 6-10). Subsequently, on February 21, 2025, GEICO removed this action to federal court, on the basis of complete diversity evidenced by Bruning's January 23, 2025, Second Amended Petition. (ECF No. 1).

On February 25, 2025, Bruning filed his Motion to Remand. (ECF No. 4). GEICO responded on March 17, 2025. (ECF No. 6). Bruning did not file a reply. Thus, the Motion to Remand is ripe for determination.

## II.  LEGAL STANDARD

### A. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quotation marks omitted) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Settlement Funding L.L.C.*, 851 F.3d at 537 (citation and quotation marks omitted).

A defendant may remove from state court to federal court "any civil action brought in a State court [over] which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). However, "[b]ecause removal raises significant federalism concerns, the

removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation marks omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Guiterrez*, 543 F.3d at 251.

A defendant may remove a case from state court to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a), 1441(a). Diversity Jurisdiction requires complete diversity, whereby "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citations and quotation marks omitted). Federal courts can exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship; (2) the case involves an amount in controversy greater than $75,000; and (3) none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. §§ 1332(a), 1441(b).

### B. Removal Procedures

28 U.S.C. § 1446 governs the procedures regarding removal. Section 1446(b) requires a defendant to remove a state court case within thirty days of either: (1) the filing of the initial state court pleading if the case stated by that pleading is removable; or (2) the receipt by the defendant of a copy of "an amended pleading, motion, order, or other paper" making the case removable. *See* 28 U.S.C. § 1446(b)(1)-(3). For removal based on diversity, § 1446(c)(1) states that:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the

>plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. 1446(c)(1). "When it comes to bad faith," in the context of § 1446(c)(1), "the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant to 'prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019), *as revised* (Aug. 12, 2019) (emphasis in original). "The burden of showing that [a plaintiff] acted in bad faith to prevent removal lies with the [d]efendant." *Boney v. Lowe's Home Centers LLC*, No. 3:19-CV-1211-S, 2019 WL 5579206, *2 (N.D. Tex. Oct. 29, 2019) (citations omitted).

"In general, a determination of bad faith is subject to a high burden, and courts are reluctant to find a party acted in bad faith without 'clear and convincing proof." *Boney,* 2019 WL 5579206 at *2 (collecting cases). This Court has explained:

>While there is no clear standard for determining bad faith in the § 1446(c)(1) context, courts in the Fifth Circuit have focused their inquiry on whether the plaintiff's conduct indicates manipulation of the removal statute. *See Prescia v. Old Republic Ins.*, Civ. A. No. 18-593-BAJ-EWD, 2018 WL 7001775, at *3 (M.D. La. Dec. 6, 2018) (citation omitted); *Rantz v. Shield Coat, Inc.*, Civ. A. No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017) (citation omitted). As characterized by another court [in the Fifth Circuit], "[c]onduct rises to the level of bad faith when a party makes a transparent attempt to avoid federal jurisdiction." *Rantz*, 2017 WL 3188415, at *5 (quoting *Kidwai v. Fed. Nat'l Mortg. Ass'n*, Civ. A. No. SA-13-CV-972-XR, 2014 WL 252026, at *2 (W.D. Tex. Jan. 22, 2014)).

*Boney,* 2019 WL 5579206 at *2. The Court next considers Bruning's Motion to Remand, which is fully briefed and ripe for determination.

### III.   ANALYSIS

Bruning alleges that GEICO's February 21, 2025, removal was improper because it was (i) "more than one year after the commencement of the suit," and (ii) "more than 30 days after

[GEICO] received notice of the settlement with [Orduna-Sanchez and Sanchez Peralta]." (ECF No. 4 at 4). Conversely, GEICO contends that the February 21, 2025, removal was both timely and proper as (i) "the commencement of a suit for removal purposes applies to each specific defendant" and, as "[Bruning] did not commence his action against *the specific Defendant herein*, GEICO, until May 10, 2024," GEICO timely filed their notice of removal under the one-year rule, (ECF No. 6 at 2)(emphasis in original); and (ii) GEICO timely removed within 30 days of Plaintiff's Second Amended Petition in which, as Bruning concedes, "formally removed the negligent [non-diverse] tortfeasors from the suit." (ECF No. 6 at 2) (citing ECF No. 4 at 6-7).

In addressing Bruning's first argument—that remand is necessary because GEICO removed the suit "more than one year after the commencement of the suit"—the Court concludes that remand is proper. (ECF No. 4 at 4). Section 1446(c)(1) unequivocally states that a case may not be removed to federal court more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action*. 28 U.S.C. 1446(c)(1) (emphasis added). Here, the record reflects that Bruning initiated his state court suit on December 11, 2023, against the tortfeasors Orduna-Sanchez and Sanchez Peralta—the Court calculates the commencement of the suit from the *initial* suit. (ECF No. 1-5). GEICO does not allege at any point in their briefing that their removal, a year after the suit was commenced, was caused by Bruning's bad faith actions. After reviewing the briefing, record, and applicable law, the Court concludes that there is no "clear and convincing proof" that Bruning acted in bad fair and, as such, the case is not properly removed to federal court. *Boney,* 2019 WL 5579026 at *2. As such, the Court remands this case to the state court for further proceedings.

(*this space left intentionally blank*)

## IV. CONCLUSION

For the reasons enumerated above, Bruning's Motion to Remand this case to the state court from which it was removed is **GRANTED**. (ECF No. 4). This case is hereby **REMANDED** back to County Court at Law No. 5, Dallas County, Texas, Cause No. CC-23-08189-E, for further proceedings.

**SO ORDERED:** this 30th day of May, 2025.

ADA BROWN
UNITED STATES DISTRICT JUDGE